IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL MAHAFFEY, #186794, | ) Civil Action No. 3:07-806-SB-JRM |
| Plaintiff, | ) |
| vs. | ) |
| OFFICER BROCK, OFFICER SLRDC; SIMON MAJOR, JR., DIRECTOR SLRDC; SERGEANT NOBLES; AND MR. SAMMY REMBERT, AN EMPLOYEE OF SLRDC, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff, Michael Mahaffey, filed this action pro se on March 26, 2007.[1] At the time of the alleged incidents, he was a pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"). He is currently incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In his original complaint, Plaintiff named only the SLRDC as a defendant. On April 12, 2007, the undersigned filed an R&R recommending dismissal of the Plaintiff's complaint because Defendant SLRDC was not a "person" amenable to suit under 42 U.S.C. § 1983. Plaintiff filed written objections to the R&R as well as two motions to amend (on June 19 and August 3, 2007) his complaint. He stated that it was not intention to name a building as a defendant and requested that certain individuals be added as defendants. On October 9, 2007,[2] the Honorable Sol Blatt, Jr., Senior United States District Judge, granted Plaintiff's June 19, 2007 motion to amend and granted in part and denied in part Plaintiff's August 3, 2007 motion to amend.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

[2]This order was amended on November 9, 2009.

Officer Brock ("Brock"), SLRDC Director Simon Major, Jr. ("Major"), and Sammy Rembert ("Rembert") were added as defendants. In an order filed October 16, 2007, the undersigned directed the Clerk of Court to file Plaintiff's amended complaint, terminate the SLRDC as a defendant, and add Sergeant Nobles ("Nobles") as a defendant. On February 2, 2009, Defendant Brock filed a motion to dismiss. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on February 3, 2009. Plaintiff filed a response on May 20, 2009. On May 19, 2009, Defendants Major, Nobles, and Rembert filed a motion for summary judgment. Another Roseboro order was issued on May 20, 2009. Plaintiff filed responses on June 2 and 24, 2009.

## MOTION TO DISMISS

Defendant Brock contends that her motion to dismiss should be granted because she is no longer employed at the SLRDC and service has not been perfected on her. Plaintiff appears to argue that he did not serve Brock because Defendants have not provided her address to him.

Federal Rule of Civil Procedure 4(m) provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Further, Local Rule 4.01, DSC provides:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

In an order filed March 12, 2009, the undersigned advised Plaintiff that service was returned unexecuted as to Defendant Brock on January 15, 2009 (see Doc. 41), and that it was noted on the Form USM-285 that Brock no longer worked for the SLRDC. Plaintiff was also informed that it was

2

his responsibility to provide the correct names and addresses for a defendant to be served and that Defendant Brock might be subject to summary dismissal if Plaintiff could not show that Brock was properly served. Additionally, Plaintiff was informed that he could use discovery devices to try to obtain information necessary to serve Defendant Brock and that it was his obligation to notify the U.S. Marshal of the addresses and provide a completed Form USM-285 for service. In the order, the time for discovery to be completed was extended to April 27, 2009, and the time for Plaintiff to file any materials in opposition to Defendant Brock's motion to dismiss was extended to May 15, 2009.

It is recommended that Defendant Brock's motion to dismiss be granted. Plaintiff fails to show that Brock has been properly served.[3] Alternatively, it is recommended that Brock be dismissed sua sponte because Plaintiff fails state a claim against Brock.

## **MOTION FOR SUMMARY JUDGMENT**

In his original complaint, Plaintiff alleged numerous allegations relating to his conditions of confinement, the grievance system, the telephone system, the mail system, and harassment by guards.[4] He requests injunctive relief and monetary damages. In his amended complaints,[5] Plaintiff

---

[3]Plaintiff, in his opposition memorandum, argues that he mailed a completed USM form to the Clerk of Court, but did not know if service was effective. There is no evidence that such form had been received at that time. Although it appears Plaintiff later submitted a USM form for Brock which was dated June 22, 2009, this form is untimely. Further, on that form Plaintiff still fails to provide an adequate address for service on Brock, stating merely that she is living on "Wheat street or Ceader Street" in the "south eastern part of Sumter County."

[4]Plaintiff also appears to assert claims concerning actions taken by SLRDC employees against other inmates. To the extent that Plaintiff is attempting to assert claims on behalf of other detainees, his claims fail. See Laird v. Tatum, 408 U.S. 1 (1972). See also Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others). Cf.
(continued...)

3

alleges that he wrote to Defendant Major complaining about Brock's harassment and verbal abuse, but Major did nothing to correct these problems. He also claims that he told Nobles on one occasion about Brock punishing inmates, but Nobles did nothing about it. Defendants Major, Nobles, and Rembert contend that their motion for summary judgment should be granted because: (1) Plaintiff failed to exhaust his administrative remedies;[6] (2) Plaintiff is unable to state a claim under the Fourteenth Amendment, as he was not punished by Defendants; (3) Plaintiff is unable to establish any personal involvement on the part of Defendant Major on any theory of liability upon which Defendant Major could be responsible for any of Plaintiff's alleged deprivations; (4) they are entitled to qualified immunity from liability; (5) Plaintiff's claims for injunctive relief are now moot, as Plaintiff is no longer housed at the SLRDC;[7] and (6) this action should be dismissed under 28 U.S.C. § 1915(e) and § 1915A and should count as a strike.

---

[4](...continued)
Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

[5]In his June 19, 2007 motion to amend his complaint, Plaintiff states that he wishes to add Brock as a defendant based on sections 52, 57, 60, 63, 66, 67-70, 73, 76, 91, 117, 126, 130, 133, 134, 138, 246, 309, and 311 of his original complaint.

[6]The parties dispute whether Plaintiff exhausted his available administrative remedies. Plaintiff claims that Defendants would not provide him with proper forms and Defendants did not answer his grievances. Defendants have provided copies of a number of grievances and say that this is proof that Plaintiff had access to forms. Review of these grievances, however, reveals that the SLRDC does not appear to have responded to some of the grievances. Defendants have not provided a copy of the SLRDC grievance policy.

[7]Any claims for injunctive relief are moot, as Plaintiff is no longer a detainee at the SLRDC (see Doc. 25- Change of Address to SCDC noted; Affidavit of Daryl McGhaney that Plaintiff was released to SCDC from SLRDC on September 17, 2007, Para. 2). See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief.").

4

1. **Conditions of Confinement**

In his original complaint, Plaintiff alleges numerous claims concerning his conditions of confinement at the SLRDC. In his amended complaints, he appears to allege that Defendant Brock placed the dorm on lockdown for hours at a time to punish inmates for talking, made detainees stand in line for up to forty-five minutes while inmates took turns going to the restroom or going to get water to drink, woke inmates up on occasions during the night (especially Plaintiff if he had his head covered up with his blanket), did not allow Plaintiff to get a daily shower on occasion, and made Plaintiff clean his cell on occasion. Defendants contend that Plaintiff fails to show that Defendants' actions amount to a constitutional violation as he fails to show any evidence of injury or harm that resulted from the claim. They also argue that an officer is justified for placing a dorm on lockdown for excessive noise because it is a security issue.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160

(4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978), cert. denied, Moffit v. Loe, 446 U.S. 928 (1980).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Thus, it must be determined whether the conditions and/or treatment received by plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Plaintiff fails to show any expressed intent on the part of Defendants to punish him. Further, Plaintiff fails to show that his living conditions caused him anything more than de minimis injuries. A de minimis injury does not violate the Fourteenth Amendment. See Ingraham, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also Riley v. Dorton, 115 F.3d 1159, 1167-1168 (4th Cir. 1997)(en banc)(any injury that plaintiff suffered as a result of the alleged use of excessive force against him must have been de minimis at best because the plaintiff saw medical personnel on numerous occasions for various injuries and never mentioned the alleged constitutional violation as the source of any of his injuries or complaints),cert. denied, 520 U.S. 1030 (1997); Westmoreland v. Brown, 883 F. Supp. 67, 76 (E.D.Va. 1995)("a particular condition constitutes punishment only where it causes physical or mental injury").

Daryl McGhaney ("McGhaney"), the Assistant Director of the SLRDC, states that excessive noise is a justifiable cause for placing a dorm on lockdown because it is a potential threat to institutional security, as excessive noise can be distracting to detainees and correctional officers. See

McGhaney Aff., Para. 13. Here, the restrictions imposed on Plaintiff, confining Plaintiff and other detainees to their cells for several hours, are rationally connected to a legitimate, non-punitive purpose of maintaining security at the SLRDC by not having excessive noise.

Plaintiff appears to allege that the food he was served at the SLRDC was deficient, such that he developed scurvy. Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment).

Plaintiff fails to show that any of the named Defendants violated his constitutional rights as to the food he was served at the SLRDC. He fails to show that Defendants were responsible for the food he was served.[8] Further, although Plaintiff alleges he developed scurvy[9] as a result of the food

---

[8] Plaintiff has not stated any claims against Defendants Brock, Major, or Nobles concerning the food he was served. In his original complaint, he alleged that he wrote a grievance to Major McGainey (on February 3, 2007) about the quality of the food served and that McGainey replied (on February 6, 2007) that McGainey would "get with Mr. Sammie Rembert." Complaint at p. 6 of the Statement of the Claim. It is unclear whether Rembert was responsible for Plaintiff's diet or if he
(continued...)

7

he was served, he has presented no evidence (such as medical records) to document this and has not named the alleged responsible party as a defendant. Further, he admits that he was served vegetables, applesauce, cooked sliced apples, and mashed potatoes. Complaint at 3-4. According to Medline Plus, a service of the U.S. National Library of Medicine and the National Institutes of HealthMedline Plus:

> All fruits and vegetables contain some amount of vitamin C. Foods that tend to be the highest sources of vitamin C include green peppers, citrus fruits and juices, strawberries, tomatoes, broccoli, turnip greens and other leafy greens, sweet and white potatoes, and cantaloupe.

See Medline Plus at www.nlm.nih.gov/medlineplus/ency/article/002404.htm.

Plaintiff appears to allege that Defendant Brock required him to clean his cell, which he claims amounts to punishment. He fails, however, to show that this is a constitutional violation. In Hause v. Vaught, 993 F.2d 1079 (4th Cir. 1993), and Bijeol v. Nelson, 579 F.2d 423 (7th Cir.1978) (per curiam), the courts held that pretrial detainees may be required to perform "general housekeeping responsibilities" consistent with the Due Process Clause.

### 2. **Grievances**

Plaintiff appears to allege that his constitutional rights were violated because some of his grievances were not processed. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SLRDC grievance procedures, such actions

---

⁸(...continued)
knew of Plaintiff's complaints.

⁹Scurvy is "a condition due to deficiency of ascorbic acid (vitamin C) in the diet..." Dorland's Illustrated Medical Dictionary 1672 (30th ed. 2003). "Scurvy is now most frequently seen in older, malnourished adults, and is rare in the United States." See Medline Plus at www.nlm.nih.gov/medlineplus/ency/article/000355.htm.

do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Further, allegations that Defendants did not follow SLRDC policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

### 3.    **Harassment**

Plaintiff alleges that Defendant Brock verbally harassed him.[10] Plaintiff fails to show that any verbal harassment by Defendant Brock violated his constitutional rights. Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983). Although Plaintiff appears to allege that Defendant Brock made unprofessional comments, he fails to show that her conduct rises to the level of a constitutional violation. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987); Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999).

---

[10]Plaintiff has not alleged that Defendants abused him physically.

### 4. Property Claims

Plaintiff alleges that Brock took a dictionary and a trash can from him. In the case of an unauthorized intentional property deprivation, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Fourth Circuit has held that a district court should deny relief under section 1983 if state law provides a viable remedy for personal property loss, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of the state. Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir.1986). It has been held that claims related to personal property are cognizable under South Carolina state law. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986). Here, even if Plaintiff has alleged an unauthorized intentional property deprivation, he fails to show a constitutional violation because he has a meaningful post-deprivation for his alleged loss under South Carolina law.

### 5. Defendants Major and Nobles/Supervisory Liability

The only allegation Plaintiff asserts against Defendant Major is that Major sent grievances and/or letters to Major about harassment from Brock. The only allegation Plaintiff has made against Nobles is that Nobles had knowledge that Officer Brock harassed and degraded Plaintiff and stole his trash can, but did nothing about it. Amended Complaint at 1. He appears to be asserting claims against Major and Nobles based on a theory of supervisory liability.

The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985). Here, as discussed above, Plaintiff fails to show a pervasive, unreasonable risk of harm from the alleged harassment or taking of personal property and thus fails to show a basis for liability against Defendants Major or Nobles.

### 6. **Qualified Immunity**

Defendants Major, Nobles, and Rembert contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants Major, Nobles, or Rembert

11

violated any of his clearly established constitutional or statutory rights. Therefore, these Defendants are entitled to qualified immunity in their individual capacities.

## CONCLUSION

Based on review of the record, it is recommended that Defendant Brock's motion to dismiss (Doc. 48) be **granted**[11] and that the motion for summary judgment (Doc. 71) of Defendants Major, Nobles, and Rembert be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

August 10, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[11] Alternatively, it is recommended that Brock be dismissed sua sponte because Plaintiff fails to state a claim against Brock.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).